## LA VECCHIA v. FIRST NAT. BANK OF TAMPA.

### No. 9312.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1940.

Erle B. Askew and Thomas V. Kiernan, both of St. Petersburg, Fla., for appellant.

Wm. M. Taliaferro, of Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, as receiver of an insolvent corporation, filed this suit in the court below to recover damages for monies alleged to have been misappropriated by an unfaithful officer and paid over to appellee. A motion to dismiss the complaint was sustained on the ground that it failed to state a cause of action.

The motion admits all of the facts well pleaded therein, and the only question is whether the complaint, so considered, states a cause of action against the appellee. It is alleged that a trusted but unfaithful officer of the corporation executed two checks and a draft, drawn on funds of the corporation deposited in another bank, and delivered them to the appellee in payment of his private obligation; that the officer acted without the authority or knowledge of the corporation, and his acts were never ratified or approved; that such acts constituted misappropriation and embezzlement by the officer; and that the bank accepted and cashed the checks and drafts in payment as aforesaid, when it knew or should have known that in so doing it was aiding the officer in the misappropriation of funds of the cor-

poration. Thus the complaint contains a short and plain statement of a claim showing that the pleader is entitled to relief. Rule 8 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c; 8 Am. Jur. 152, Sec. 413, note 5 and cases.

■ Appellee argues that the receiver is estopped by laches; that the corporation has ratified the transaction by silence; and that the bank was without knowledge of any illegality in the transaction. These defenses do not appear upon the face of the complaint; if good, they should be raised by answer. The complaint does not attempt to impress a trust upon property. The sole demand is for a personal judgment against the recipient of the embezzled funds, which had actual or constructive knowledge of the facts.

The motion to dismiss should have been overruled, and the appellee required to answer the complaint. The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.